# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-0315** (Fayette County 18-F-71 and 18-F-168)

**Bryan Keith Allen,**
**Defendant Below, Petitioner**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Bryan Keith Allen, by counsel Matthew D. Brummond, appeals the February 28, 2019, Sentencing and Commitment Order of the Circuit Court of Fayette County, challenging the constitutionality of his sentence. The State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from multiple indictments against petitioner that were returned by the Fayette County Grand Jury on May 10, 2018, May 11, 2018, and September 11, 2018, and that were based upon criminal conduct that occurred in August 2017. On May 10, 2018, the grand jury returned an indictment[1] that charged petitioner with two counts of wanton endangerment involving a firearm; one count of discharging a firearm within 500 feet of a dwelling; and one count of injury to property for having fired a gun within 500 feet of the dwelling house of Rick Burgess, resulting in substantial risk of death or serious bodily injury to Rick and Barbara Burgess. On May 11, 2018, the grand jury returned a multi-count indictment[2] against petitioner for fleeing from an officer in a vehicle and causing bodily injury; fleeing from an officer in a vehicle while under the influence

---

[1] Indictment 18-F-70 stemmed from petitioner's criminal activity on or about August 14, 2017.

[2] Indictment 18-F-71 stemmed from petitioner's criminal activity on or about August 14, 2017.

1

of alcohol; fleeing from an officer in a vehicle with reckless disregard; driving while in an impaired state; driving while license suspended; disorderly conduct; and obstructing an officer. Also on May 11, 2018, the grand jury returned an indictment[3] against petitioner and two co-defendants for incidents that occurred on or about August 28, 2017.

On September 11, 2018, the grand jury returned a superseding indictment[4] for the August 28, 2017, crimes, charging petitioner with conspiracy to commit a felony; attempted robbery in the first degree; malicious assault; attempted murder; wanton endangerment involving a firearm; and assault in the commission of a felony. The superseding indictment provided that petitioner and two co-defendants presented a firearm, which was used to shoot victim, Angelia Jones, and demanded an unspecified amount of money from her against her will. Ms. Jones was struck in the face by petitioner and his co-defendants and was shot in the stomach.

Petitioner rejected a plea offer from the State for the fleeing charge and proceeded to trial. On the second day of trial, photographs of petitioner with a bloodied face from his arrest were found scattered around the courthouse and the circuit court declared a mistrial. Subsequently, petitioner proceeded to a joint jury trial with one of his co-defendants on the robbery indictment.

Following a two-day trial, a jury convicted petitioner of conspiracy to commit a felony; attempted robbery in the first degree; unlawful assault, a lesser-included offense of malicious assault; and assault during the commission of a felony. Thereafter, petitioner entered into a plea agreement regarding the two remaining indictments, which was accepted on February 5, 2019. Per the plea agreement, petitioner pled guilty to fleeing from an officer in a vehicle and causing bodily injury.[5]

The circuit court held a sentencing hearing on February 22, 2019. During the hearing, the circuit court acknowledged that petitioner took some responsibility for his actions of being at the scene, but attempted to minimize his involvement and mislead the court about who had shot the victim. The circuit court also noted that petitioner had been subsequently charged with committing violence upon another inmate at the Southern Regional Jail. The circuit court found that to grant petitioner "probation on these offenses would duly depreciate the seriousness of the offenses. Also, you're not, do not appear to be a sufficient candidate for alternative sentencing." Thus, the circuit court sentenced petitioner as follows: one to five years in prison for conspiracy to commit a

---

[3] Indictment 18-F-72 stemmed from petitioner's criminal activity on or about August 28, 2017.

[4] Indictment 18-F-168.

[5] As a result of petitioner's plea of guilty, the remaining counts of 18-F-71 were dismissed and 18-F-70 was dismissed in its entirety.

felony;[6] sixty years for attempted robbery;[7] one to five years for unlawful assault;[8] two to ten years for assault during the commission of a felony;[9] and one to three years for fleeing from an officer in a vehicle and causing bodily harm.[10] All sentences were ordered to run concurrently except that the circuit court directed that the sentence for attempted armed robbery run consecutively to the other sentences. This appeal followed.

On appeal, petitioner does not challenge his convictions but, instead, argues that the circuit court committed plain error when it sentenced him to an effective sentence of sixty-three to seventy years in prison for exercising his constitutional right to a jury trial.

This Court reviews sentencing orders "'under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, [in part,] *State v. Lucas,* 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, in part, *State v. Eilola*, 226 W. Va. 698, 704 S.E.2d 698 (2010). Furthermore, "'sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Eilola*, 226 W. Va. at 699, 704 S.E.2d at 699, syl. pt. 1. Petitioner argues that the circuit court's sentencing order is based upon an impermissible factor and violates constitutional commands.

Petitioner concedes that trial counsel did not object to his sentence below, but urges this Court to review his alleged vindictive sentence under the plain error doctrine. "To trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Petitioner argues that his sentence is unconstitutional because the circuit court acted vindictively in penalizing petitioner for exercising his right to a trial by jury instead of accepting a plea deal. We find that the plain error doctrine does not apply and, thus, we refuse to disturb the circuit court's sentencing order.

The United States Supreme Court has "held that the Due Process Clause of the Fourteenth Amendment prevented increased sentences when that increase was motivated by vindictiveness on the part of the sentencing judge." *Texas v. McCullough,* 475 U.S. 134, 137 (1986) (citing *North Carolina v. Pearce*, 395 U.S. 711(1969). However, the Supreme Court has cautioned that due process is not offended every time a defendant receives a harsher sentence after exercising a legal

---

[6] Count one of Indictment 18-F-168.

[7] Count two of Indictment 18-F-168.

[8] Count three of Indictment 18-F-168.

[9] Count six of Indictment 18-F-168.

[10] Indictment 18-F-71.

right, instead noting that the circumstances of each case must be examined "to 'guard against vindictiveness in the resentencing process.'" (quoting *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973)). The *Chaffin* court found that courts must also consider "the need for flexibility and discretion in the sentencing process." *Id.* at 25.[11]

Petitioner maintains that the circuit court specifically stated that he was being penalized for exercising his constitutional right to a jury trial; however, his argument is premised on an isolated statement by the circuit court about probation. Reviewing the record on appeal, we disagree with petitioner's summation. While it is unconstitutional for a trial court to punish a defendant for exercising his constitutional right to proceed to a trial by jury, the overwhelming evidence in this case clearly demonstrates that the circuit court did not punish petitioner for proceeding to trial. Rather, the court found that "to grant [petitioner] probation on these offenses would duly depreciate the seriousness of the offenses. Also, you're not, do not appear to be a sufficient candidate for alternative sentencing." The transcript from the sentencing hearing reflects that the circuit court was concerned about petitioner's failure to accept responsibility. Although petitioner initially showed remorse, he attempted to minimize his involvement and mislead the court as to who possessed and fired the firearm, injuring both the victim and one co-defendant. He also beat another inmate after being arrested on the charges surrounding the shooting, misconduct which the sentencing court may consider since it reflects upon the defendant's rehabilitative potential and the veracity of his or her acceptance of responsibility. Thus, the record from the sentencing hearing demonstrates that the sentencing judge did not punish petitioner for pursuing his constitutional rights. We, thus, find that the circuit court did not err in sentencing petitioner.

For the foregoing reasons, we affirm.

Affirmed.

---

[11] Petitioner claims that the circuit court specifically stated that the sentence was vindictive. The United States Supreme Court of Appeals has held that if a defendant can show that a "'reasonable likelihood,' . . . that the increase in sentence is the product of actual vindictiveness," then his amended sentence is presumed to have been vindictive. *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (internal citation omitted). Notably, however, the presumption is not easily obtained and it "does not apply in situations where the possibility of vindictiveness is . . . speculative, particularly since the presumption may often 'operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct." *McCullough*, 475 U.S. at 139. Absent the presumption, a defendant's claim becomes more difficult to prove. If a defendant fails to show a reasonable likelihood of actual vindictiveness, then he retains the burden of proving his claim and must prove actual vindictiveness by the sentencing judge. Then, the State must "rebut the presumption that an increased sentence . . . resulted from vindictiveness[.]" *Wasman v. United States*, 468 U.S. 559, 569 (1984). We conclude that petitioner has failed to demonstrate a "reasonable likelihood" of actual vindictiveness. *See Smith,* 490 U.S. at 799. ("Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness.")

**ISSUED:**  June 18, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison